1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOHN PAUL FRANK SCHOWACHERT, | No. 1:21-cv-01168 GSA (PC) |
|---|---|
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| KELLEY SANTORO, et al., | ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE |
| Defendants. | |
| | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute. Plaintiff will be given fourteen days to file objections to this order.

I.     RELEVANT FACTS

On May 19, 2025, Plaintiff's complaint was screened, and the undersigned found that it failed to state a claim upon which relief could be granted. ECF No. 12. As a result, Plaintiff was given the opportunity either to amend the complaint, to stand on it, or to voluntarily dismiss it. Id. at 9. Plaintiff was given thirty days to take one of these courses of action. Id.

1

1    More than thirty days have now passed and Plaintiff has not taken any of the three courses

2    of action, nor has he requested an extension of time to do so.  Plaintiff has not responded to the

3    Court's order in any way.  Furthermore, the Court takes judicial notice[1] of the facts that:  (1)

4    Plaintiff has not filed a change of address with the Court; (2) the Court's screening order was not

5    returned to it marked "undeliverable," thus, it is presumed to have been received,[2] and (3) a

6    search for Plaintiff in the California Department of Corrections and Rehabilitation's ("CDCR")

7    inmate database under his prison identification number, BK1296, indicates that he is still

8    incarcerated at his address of record.[3]

9        II.    APPLICABLE LAW

10        A.  Federal Rule of Civil Procedure 41(b) and Local Rule 110

11    Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

12    to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

13    also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

14    110.  Only in rare cases will an appellate court question the exercise of discretion in connection

15    with the application of local rules.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)

16    (upholding dismissal of case pursuant to district court local rule because plaintiff failed to file

17    opposition to defendants' motion to compel/motion to dismiss).

18        B.  Malone Factors

19    The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

20    failure to comply with a court order.  It writes:

21

22    A district court must weigh five factors in determining whether to dismiss a case
      for failure to comply with a court order:  "(1) the public's interest in expeditious
23    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
      prejudice to the defendants; (4) the public policy favoring disposition of cases on
24    their merits; and (5) the availability of less drastic sanctions."

25    ───────────────

[1]  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate

26    determination by sources whose accuracy cannot reasonably be questioned).

[2]  See Rosenthal v. Walker, 111 U.S. 185, 193 (1884); Nunley v. City of Los Angeles, 52 F.3d

27    792, 796 (9th Cir. 1995) (citing Rosenthal)

[3]  See https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BK1296(verification Plaintiff is still in

28    CDCR custody) (last visited 7/23/25).

2

1

2    *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v.*

3    *Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

4              III.    DISCUSSION

5                      A.    Rule 41(b) and Local Rule 110 Support Dismissal of This Case

6         The fact that Plaintiff has:  (1) failed to file a response to the Court's screening order, and

7    (2) failed to request an extension of time to do so within the time allotted, both collectively

8    warrant dismissal of this matter, in accord with Rule 41(b).  This inaction on Plaintiff's part also

9    warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local

10   Rule 110.

11                     B.    Application of Malone Factors Supports the Dismissal of This Case

12                             1.    Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

13        Plaintiff has been given more than ample time to file a response to Court's screening

14   order, either by filing an amended complaint; by notifying the Court that he wishes to stand on

15   the screened complaint, or by voluntarily dismissing this action.  Despite this fact, Plaintiff has

16   failed to take any of these steps, nor has he contacted the Court to provide exceptional reasons for

17   not having done so.

18        The Eastern District Court has an unusually large caseload.[4]  "[T]he goal of fairly

19   dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

20   the processing of frivolous and repetitious requests."   *Whitaker v. Superior Court of San*

21   *Francisco*, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

22   keeping this case on the Court's docket when Plaintiff's complete inaction in response to the

23

---

24   [4]  The Eastern District of California carries one of the largest and most heavily weighted
25   caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
     California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far
26   exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").
     This problem is compounded by a shortage of jurists to review its pending matters.  See generally
27   id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent
     judgeships for Eastern District of California).

28

1  Court's screening order indicates that he has no interest in prosecuting this case in a timely

2  manner, is not a good use of the Court's already taxed resources.  Moreover, keeping this matter

3  on the docket until Plaintiff chooses to respond would clearly be an exercise in futility, and it

4  would stall a quicker disposition of this case.  Finally, in fairness to the many other litigants who

5  currently have cases before the Court, no additional time should be spent on this matter,

6  irrespective of any opposition to the instant recommendation of dismissal that Plaintiff might file

7  after the issuance of this order.

8              2.  Risk of Prejudice to Defendants

9          Furthermore, because viable Defendants have yet to be identified and served in this case,

10  no one has put time and effort into defending against it.  As a result, there will be no prejudice to

11  anyone other than Plaintiff if the matter is dismissed.  On the contrary, dismissal will benefit any

12  potentially viable Defendants because they will not have to defend themselves against Plaintiff's

13  complaint.

14              3.  Availability of Less Drastic Sanctions; Favored Disposition of Cases on

15                 Merits

16          Finally, Plaintiff has failed to respond to the Court's screening order for over two months ,

17  and during that period he has not indicated that he has an interest in continuing to prosecute this

18  case.  Given the facts that the Court's screening order served on Plaintiff was not returned to it

19  marked "undeliverable," and that Plaintiff has not filed a notice of change of address with the

20  Court since the screening order issued, these facts permit the Court to find that Plaintiff received

21  its screening order, but that he is simply choosing not to respond to it.  See generally Local Rule

22  182(f) (stating absent notice otherwise, service of documents at prior address of pro se party is

23  fully effective).

24          The Court's finding that Plaintiff is simply choosing not to respond to the Court's orders

25  and prosecute this case is further supported by the fact that as noted above, Plaintiff is still in the

26  CDCR's custody.  Thus, in the aggregate, without Plaintiff continuing to take an active role to

27  move forward the very case that he brought, this matter cannot be prosecuted any further, nor can

28  it be disposed of on its merits.

4

1    IV.  CONCLUSION

2        For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule

3    110, and having considered the Malone factors, the undersigned recommends that this matter be

4    dismissed without prejudice for failure to prosecute.  Plaintiff shall be given fourteen days to file

5    objections to this order.

6        Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

7    District Judge to this matter.

8        IT IS FURTHER RECOMMENDED that:

9        1.  This matter be DISMISSED without prejudice for failure to prosecute.  See Fed. R.

10   Civ. P. 41(b) and Local Rule 110, and

11       2.  This case be CLOSED.

12       These findings and recommendations are submitted to the United States District Judge

13   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, Plaintiff may file written objections

15   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

16   and Recommendations," and it shall not exceed fifteen pages.

17   ////

18       The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

19   wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

20   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

21   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

22   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

23   objections within the specified time may result in the waiver of certain rights on appeal.  See

24   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

25   Cir. 1991).

26

27

28

5

1
2
IT IS SO ORDERED.

3
      Dated:   **July 24, 2025**                 **/s/ Gary S. Austin**

4
                                        UNITED STATES MAGISTRATE JUDGE

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28