UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>KELLEY SANTORO, et al.,<br><br>Defendants. | No.  1:21-cv-01168 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 14 |

Plaintiff John Paul Frank Schowachert is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2025, the assigned magistrate judge screened plaintiff's complaint, found it failed to state any cognizable claim, and directed plaintiff to take one of the following options within thirty days: (1) file a fist amended complaint, (2) file a notice of his intent to stand on the complaint, or (3) voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41. Doc. 12.  The screening order was served on plaintiff and notified him that "[f]ailure to comply with this order shall result in a recommendation that this action be dismissed." *Id.* at 9.  More than thirty days have elapsed, and plaintiff has not taken any of the three options presented in the screening order, nor has he requested an extension of time within which to do so.  *See* docket.

///

1

Thereafter, on July 24, 2025, the magistrate judge issued findings and recommendations, recommending that this action be dismissed for failure to prosecute. Doc. 14. Specifically, the magistrate judge found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—weigh in favor of dismissing the case without prejudice as a sanction for plaintiff's failure to prosecute. *Id.* at 2–4 (applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (failure to comply with a court order)); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute). The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. Doc. 14 at 5. Plaintiff has not filed objections to the findings and recommendations, and the time to do so has passed. *See* docket.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the conclusion that plaintiff's failure to prosecute warrants dismissal of this action is supported by the record. Dismissal is also warranted due to plaintiff's failure to comply with the May 19, 2025 screening order.

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, as plaintiff failed to obey the May 19, 2025 screening order directing him to (1) file a first amended complaint, (2) file a notice of his intent to stand on the complaint, or (3) voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41.

///

1   As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, the Court's warning to plaintiff that his failure to comply with the screening order would result in the dismissal of this action satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Plaintiff's failure to comply with the screening order prevents prosecution and disposition of this action on its merits.

Accordingly:

1. The findings and recommendation issued on July 24, 2025, Doc. 14, are adopted;
2. This action is dismissed without prejudice for failure to obey a court order and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 12, 2025

_____
UNITED STATES DISTRICT JUDGE

3